NO. SCWC-11-0001005

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

In re Petition to Amend
Interim Instream Flow Standards for
Waikamoi, Puohokamoa, Haipuaena, Punalau/Kolea,
Honomanu, West Wailuaiki, East Wailuaiki, Kopiliula,
Puakaa, Waiohue, Paakea, Kapaula, and Hanawi streams

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. CAAP-10-0000161)

<u>AMENDED[1] ORDER ACCEPTING APPLICATION FOR WRIT OF CERTIORARI,
VACATING ICA ORDER DISMISSING APPEAL FOR
LACK OF JURISDICTION, AND REMANDING APPEAL TO ICA</u>
(By: Recktenwald, C.J., Nakayama, Acoba, Duffy, and McKenna, JJ.)

Petitioner-appellant Na Moku 'Aupuni O Ko'olau Hui (Na Moku) filed a timely application for writ of certiorari on November 29, 2011 to review the intermediate court of appeals' (ICA) August 31, 2011 Order Dismissing Appeal for Lack of Jurisdiction. Na Moku appealed a decision of the Commission on Water Resource Management (the Commission) denying Na Moku's petition for a contested case hearing on the Commission's amendment of interim instream flow standards for certain Maui streams. The Commission's decision was reflected in the minutes

_____

[1] The amendment corrects the ICA case number that was incorrectly identified on the original order as ICA No. CAAP-11-0000161.

of the Commission's October 18, 2010 meeting, which minutes were approved and signed by Lenore N. Ohye, the Acting Deputy Director to the Chairperson of the Board of Land and Natural Resources (BLNR). The ICA concluded that the minutes of the October 18, 2010 meeting were not a final order of the Commission appealable pursuant to HRS § 91-14(a) because the document was not "signed by the (BLNR) chairperson or any other member of the Commission[.]" (Underscoring added.) The ICA accordingly dismissed Na Moku's appeal for lack of appellate jurisdiction.

HAR § 13-167-7(c) provides that "[a]ll orders and other actions of the commission shall be authenticated or signed by the chairperson or other persons authorized by the commission." (Underscoring added). HAR § 13-167-8(e) provides that the deputy to the chairperson "shall certify all decisions and orders and other actions of the commission."

Acting Deputy Director Lenore N. Ohye was authorized by the Commission, pursuant to HAR § 13-167-8(e), to certify the Commission's October 18, 2010 decision denying Na Moku's petition for a contested case hearing. Ohye did so by approving and signing the minutes of the Commission's October 18, 2010 meeting reflecting the Commission's decision. Ohye authenticated the Commission's decision in accordance with HAR § 13-167-7(c). The decision, as reflected in the minutes of the Commission's October 18, 2010 meeting, is a final decision of the Commission for which judicial review may be sought pursuant to HRS § 91-14(a). See Kaleikini v. Thielen, 124 Hawaiʻi 1, 26, 237 P.3d 1067, 1092

2

(2010) (letter by BLNR chairperson denying request for contested case hearing constituted a final decision and order from which judicial review could be sought pursuant to HRS § 91-14(a).).

Na Moku's application for writ of certiorari is accepted. The ICA's August 31, 2011 Order Dismissing Appeal for Lack of Appellate Jurisdiction is vacated. Na Moku's appeal is remanded to the ICA for disposition.

DATED: Honolulu, Hawaiʻi, January 11, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna

3